FINLEY v. COUNTY OF LAURENS.

AUDITOR.—The compensation provided by statute for county auditor from the county is a salary, and one taking tax returns is only entitled to his *pro rata* share of such salary during the time he held the office.

Before WATTS, J., Laurens, October, 1899.    Affirmed.

Claim by John R. Finley against County of Laurens for $400, for assessing. From Circuit order sustaining county commissioners in refusing that sum, claimant appeals.

*Messrs. Ball, Simkins & Ball* and *Irby & Rabb,* for appellant, cite: 14 Stat., 136, 623; 15 Stat., 731; 16 Stat., 193; 17 Stat., 1017; 18 Stat., 582, 774; 19 Stat., 999; 20 Stat., 519; 21 Stat., 674.

*Messrs. Ferguson & Featherstone,* contra, cite: Act 1874, p. 776; act 1883, p. 581; Rev. Stat., 537.

July 20, 1900.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    John R. Finley presented a claim to the county board of commissioners for Laurens County, S. C., for $400, for making assessments for the fiscal year 1899, as auditor for Laurens County.    The fiscal year began 1st January, 1899, and John R. Finley surrendered the office of auditor to his successor, W. L. Ferguson, on the 26th February, 1899.    The said board of commissioners refused to allow the said Finley the sum of $400, but did allow him the sum of $64.24, as the proportion of said $400 for one month and twenty-six days of the twelve months comprising the fiscal year.    An appeal was taken by Finley to the Circuit Court, which came on to be heard before Judge Watts, who in a short order dismissed the appeal.    He now appeals to this Court on the following grounds: "I. Because it is respectfully submitted that his Honor erred in adjudging that the appeal of the plaintiff from the finding of the county

18—58

board of commissioners herein be dismissed and their judgment affirmed. II. That he erred in not finding and adjudging that John R. Finley, as the county auditor of the county of Laurens, was entitled to $400 for compensation for making such assessments for the fiscal year 1899. III. That he erred in not finding and adjudging that the auditor, J. R. Finley, appellant, was not entitled to $400 as a specific appropriation and allowance for making the assessments for the fiscal year 1899."

Both parties to this contention admit that the law fixing salaries for county auditors in this State is set out in section 274 of vol. 1 of the Revised Statutes of this State, which is but the reproduction of an act to amend section 252 and section 274 of the General Statutes (adopted in 1882), in relation to the compensation of county auditors and county treasurers, XVIII. vol. of Statutes at Large, at pages 581 and 582. Section 252 *before being amended* read as follows: "Section 252. The county auditors of the several counties shall receive the annual salaries hereinafter mentioned, respectively * * *; the county auditors of Abbeville * * * Laurens * * * $600 * * * *Provided,* That the comptroller general shall not issue to any county auditor any warrant for salary until said auditor shall file in the office of the comptroller general all abstracts and reports due by such auditors. And in addition to the salaries of the auditors as hereinbefore provided, the county auditors shall receive, to defray the expenses of assessment of property, such sums as may be necessary, but not to exceed the following, to wit: * * *: The auditor of * * * Laurens * * * $400 each. And the county commissioners of the several counties as aforesaid shall, upon the application of the county auditors, draw their checks on the county treasurer for the several amounts to which the auditors may be entitled under this section, and the county treasurer shall pay said checks from the first collection of county funds of the fiscal year in which the work shall be performed * * *" But the act of 1883, which is now section 274 of the Revised Statutes of 1893,

omits from the law hitherto governing the salaries·and compensation of county auditors certain words where provision is made for the payment of additional compensation from the respective counties of the auditors, so that it now reads: "Sec. 274 * * * In addition to the salaries of the auditors as is hereinbefore provided, the auditors shall receive from the funds of their respective counties additional compensation as follows * * * Laurens * * * $400 * * * and the county commissioners as aforesaid shall upon the application of the county auditors draw their checks upon the county treasurers for the several amounts to which the auditors may be entitled from the funds of their respective counties as hereinbefore provided, and the county treasurers shall pay the said checks from the first collection of county funds of the current fiscal year * * *" Now it must be apparent that in the short interval of one year, the legislature of this State had changed its mind, so to speak, in relation to salaries and compensation of county auditors. It no longer required the county auditor to be allowed such additional compensation, not to exceed, in the case of the county auditor of Laurens, such sums as may be necessary, but not to exceed the sum of $400, to defray the expenses of the assessment of property, for all these words are stricken from the section; and besides, the county auditor is no longer required to file in the office of the county commissioners "an itemized statement of the services rendered by his assistants, the number of days each of said assistants was employed and the compensation they were severally to receive, which statement shall be examined and approved by the said board of county commissioners," which he was bound to do under the act of 1882. It seems to us the legislature has applied its axe to the old tree, and has converted it, by lopping limbs here and there, into an entirely different one. By the last legislative action, it seems to us a salary is provided to be paid annually from the State treasury to the county auditors; and in addition to the salary to be paid by the State, auditors shall receive an additional salary (or compensation) to be paid by the county. Appel-

lant lays great stress upon the use of the words compensation to defray the expenses of assessment, and then seems to rely upon the words that the returns of taxpayers must be filed between 1st January of each year to the 20th February of each year, as fixing the duty of auditors. But this view is not broad enough, for a careful study of·the tax acts of our State, affecting auditors, sections 272 to 305 of our I. vol. of General Statutes, will show that the assessment of taxes is not finished by 20th February of each year, when individual taxpayers finish making their returns of property for taxation. The county auditor's duty as to assessments of property, so to speak, just begin on the 20th day of February of each year.

That is our view of the law here involved. Hence we do not think his Honor erred, as alleged in the first exception. Under our views, John R. Finley was dealt with as required by law, when he was denied the $400 for which he sought, and was only allowed his proportionate share of that year's salary. We do not conceive that the matter of simply taking the returns of individual taxpayers makes up what was in the legislative mind as to additional compensation to be paid by the county. We must overrule the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.